# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2020-CP-00687-COA

**JAMES C. RODGERS A/K/A JAMES RODGERS**
**A/K/A JAMES CHRISTOPHER RODGERS**

APPELLANT

**v.**

**STATE OF MISSISSIPPI**

APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 06/02/2020 |
| TRIAL JUDGE: | HON. STEVE S. RATCLIFF III |
| COURT FROM WHICH APPEALED: | MADISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JAMES C. RODGERS (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: LAUREN GABRIELLE CANTRELL |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | REVERSED AND REMANDED - 09/21/2021 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE CARLTON, P.J., GREENLEE AND SMITH, JJ.

### SMITH, J., FOR THE COURT:

¶1.     James Rodgers filed a motion for post-conviction collateral relief (PCR) and an out-of-time appeal in his underlying criminal case. The Madison County Circuit Court dismissed Rodgers's motion as untimely. Because the circuit court failed to consider relevant portions of the Uniform Post-Conviction Collateral Relief Act (UPCCRA) in dismissing Rodgers's motion, we reverse the circuit court's judgment and remand to allow the court to determine under the UPCCRA whether Rodgers is entitled to an evidentiary hearing on his claims. On remand, Rodgers's PCR motion should be docketed as a new civil action in accordance with Mississippi Code Annotated section 99-39-7 (Rev. 2020) rather than as a filing in his

underlying criminal case.

## FACTS

¶2.     On June 13, 2018, a Madison County jury convicted Rodgers of Count I, possession of more than ten grams but less than thirty grams of methamphetamine with the intent to sell; and Count II, conspiracy to sell methamphetamine. On August 20, 2018, the circuit court entered an order to set aside the judgment of conviction. That same day, the circuit court entered a new judgment of conviction. For Count I, the circuit court sentenced Rodgers as both a subsequent drug offender and a nonviolent habitual offender and ordered him to serve sixty years in the custody of the Mississippi Department of Corrections (MDOC). For Count II, the circuit court sentenced Rodgers as a nonviolent habitual offender and ordered him to serve a concurrent twenty-year term in MDOC's custody. The circuit court further ordered that Rodgers serve both sentences without eligibility for probation or parole.

¶3.     On May 11, 2020, Rodgers filed a PCR motion for an out-of-time appeal. In his motion, Rodgers asserted that he had received ineffective assistance of counsel. According to Rodgers, his trial attorney failed to file a timely appeal despite numerous requests from Rodgers and his family that the attorney do so. After reviewing Rodgers's motion, the circuit court determined that Rodgers had not filed his motion for an out-of-time appeal within the required time limit and had given no excuse for his failure to timely file the motion.[1] As a

---

[1] Although not explicitly stated, it appears from the language the circuit court used in its judgment that the court dismissed Rodgers's motion after finding no basis for relief under Mississippi Rule of Appellate Procedure 4. As discussed, however, Rodgers might be entitled to relief under the UPCCRA, and because the circuit court never addressed this basis for relief, we reverse and remand for further proceedings consistent with this opinion.

result, the circuit court dismissed Rodgers's motion as untimely. Aggrieved, Rodgers appeals.

## STANDARD OF REVIEW

¶4. "When a circuit court summarily denies or dismisses a request for an out-of-time appeal, we review the decision for abuse of discretion." *Thomas v. State*, 314 So. 3d 1181, 1183 (¶5) (Miss. Ct. App. 2021) (quoting *Pulliam v. State*, 282 So. 3d 734, 736 (¶7) (Miss. Ct. App. 2019)). We review questions of law de novo. *Id.*

## DISCUSSION

¶5. The UPCCRA "allows an inmate to file a motion for [PCR] on the basis that he is entitled to an out-of-time appeal." *Pulliam*, 282 So. 3d at 736 (¶9) (citing Miss. Code Ann. § 99-39-5(1)(i) (Rev. 2015)). In relevant part, Mississippi Code Annotated section 99-39-5 (Rev. 2020) states:

(1) Any person sentenced by a court of record of the State of Mississippi, including a person currently incarcerated, civilly committed, on parole or probation or subject to sex offender registration for the period of the registration or for the first five (5) years of the registration, whichever is the shorter period, may file a motion to vacate, set aside or correct the judgment or sentence, a motion to request forensic DNA testing of biological evidence, or a motion for an out-of-time appeal if the person claims:

. . . .

(i) That he is entitled to an out-of-time appeal . . . .

(2) A motion for relief under this article shall be made within three (3) years after the time in which the petitioner's direct appeal is ruled upon by the Supreme Court of Mississippi or, in case no appeal is taken, within three (3) years after the time for taking an appeal from the judgment of conviction or sentence has expired . . . .

¶6. Here, Rodgers moved for an out-of-time appeal within the three-year time period as required by section 99-39-5. The Mississippi Supreme Court has held that a "petitioner [is] entitled to an evidentiary hearing as to whether he had been advised of his right to appeal and whether he requested an appeal" when "the affidavits of [the] petitioner and [his] attorney" contradict one another and "the petitioner ha[s] met the pleading requirements of the UPCCRA . . . ." *Pulliam*, 282 So. 3d at 737 (¶11) (emphasis omitted). "Mississippi Code Annotated section 99-39-9 [(Rev. 2020)] sets forth the requirements for a petition under section 99-39-5." *Id.* at (¶10).

¶7. While Rodgers attached no affidavits—contradictory or otherwise—to his PCR motion for an out-of-time appeal, "this Court has held that an evidentiary hearing is also necessary when there is no documentary evidence that contradicts a petitioner's claim that he asked his attorney to appeal his conviction." *Id.* at (¶11). Because the record contains no documentary evidence to contradict Rodgers's claim that his attorney failed to comply with his requests to appeal his conviction, he may be entitled to an evidentiary hearing. Because the circuit court never addressed Rodgers's entitlement to an out-of-time appeal under the UPCCRA, we reverse the circuit court's dismissal of Rodgers's PCR motion. On remand, the circuit court should determine whether Rodgers's PCR motion complies with the requirements set forth in section 99-39-9 and states a basis for relief. "We make no determination of these questions . . . as they should be first addressed by the trial judge." *Pulliam*, 282 So. 3d at 737 (¶13). Accordingly, we reverse the circuit court's judgment and remand for further proceedings consistent with this opinion.

**CONCLUSION**

¶8.    Upon review, we find the circuit court erred by failing to consider Rodgers's PCR motion for an out-of-time appeal under the UPCCRA.  We therefore reverse the circuit court's dismissal of Rodgers's PCR motion as untimely and remand to allow the circuit court to determine whether Rodgers is entitled to an evidentiary hearing on his claims.

¶9.    **REVERSED AND REMANDED.**

      **BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, McDONALD, LAWRENCE AND McCARTY, JJ., CONCUR.  WESTBROOKS AND EMFINGER, JJ., NOT PARTICIPATING.**